```
               IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MARY J. MAGWOOD,               : CIVIL ACTION
                               :
      vs.                      :
                               : NO. 06-CV-1184
MICHAEL J. ASTRUE,[1]          :
Commissioner of Social         :
Security,                      :
                               :
```

## MEMORANDUM AND ORDER

**JOYNER, J.**                                          **January 21, 2009**


Presently before the Court is Plaintiff's Application for Award of Attorney's Fees Pursuant to 28 U.S.C. §2412, Defendant's opposition thereto, including, in the alternative, Defendant's request to reduce as unreasonable the number of hours requested by Plaintiff's counsel, and Plaintiff's reply.  For the reasons set forth below, the Court grants Plaintiff's Application, but finds that the amount requested is unreasonable and therefore reduces the amount of the award to $12,275.21, inclusive of fees and expenses.

## BACKGROUND

In 2004, Mary Magwood ("Magwood") applied for Supplemental Security Income benefits.  The Administrative Law Judge ("ALJ")

---

[1] Michael J. Astrue became Commissioner of Social Security on February 12, 2007.  Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Court substitutes Mr. Astrue's name for Jo Anne B. Barnhart as the defendant in this suit.  As the Commissioner correctly notes, no further action need be taken for this suit to continue because of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

found that Magwood's major depression and alcohol abuse disorder, in remission, were not severe impairments at step two in the sequential analysis as set out in 20 C.F.R. § 404.920.[2] Magwood appealed and this Court adopted the Magistrate Judge's Report and Recommendation (R&R) affirming the ALJ's decision. Magwood again appealed. The Third Circuit reversed this Court's decision and found that the ALJ erred in its analysis at step two and that the ALJ's determination at step two that Magwood did not have a severe impairment was not supported by substantial evidence.

As the prevailing party, Magwood now requests an award of attorney's fees pursuant to The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner opposes the request, asserting that Magwood is not entitled to an award of fees under the EAJA because its position was substantially

---

[2] To determine whether an applicant applying for social security disability benefits is disabled within the meaning of Titles II and XVI of the Social Security Act, the Commissioner applies a five-step sequential evaluation process. McCrea v. Commissioner, 370 F.3d 357, 358, 360 (3d Cir. 2004); 20 C.F.R § 404.1520(a)(4)(i)-(v). The Commissioner must determine, in order, whether an applicant:

> (1) is engaged in substantial gainful activity; (2) suffers from an impairment or combination of impairments that is "severe"; (3) suffers from an impairment or combination of impairments that meets or equals a listed impairment; (4) is able to perform his or her past relevant work; and (5) is able to perform work existing in significant numbers in the national economy.

McCrea, 370 F.3d at 360. The burden on an applicant at step two is not exacting but rather "'is a *de minimis* screening device to dispose of groundless claims.'" Id. (quoting Newell v. Commissioner, 347 F.3d 541, 546 (3d Cir. 2003)). To survive step two, an applicant only needs to demonstrate "something beyond 'a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work.'" Id. (quoting Social Security Ruling 85-28, 1985 WL 56856, at *3).

2

justified.  In the alternative, the Commissioner requests that the amount of the requested award be reduced because the fee petition is unreasonable.

## DISCUSSION

### I.  Award of Attorney's Fees Pursuant to the EAJA

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, prevailing parties[3] in civil actions (other than tort actions) brought by or against the United States are entitled to an award of attorneys fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. §2412(d)(1)(A) (2006).[4]  The "position of the United States" includes the United States' litigation position as well as "the agency position that made the lawsuit necessary."  Washington v. Heckler, 756 F.2d 959, 961 (3d Cir. 1985); see also 28 U.S.C. §2412(d)(2)(C) (defining "United States" to include, *inter alia*, any agency of the United States). Thus, both the litigation position and the agency position must be substantially justified in order to merit a denial of attorney's fees under the EAJA.  Taylor v. Heckler, 835 F.2d 1037, 1040 (3d Cir. 1987).

---

[3] It is uncontested that Magwood is a prevailing party.

[4] Whether there are any special circumstances that would make an award unjust is not at issue in the present case.

3

Substantial justification represents a middle ground between automatically awarding attorney's fees and awarding attorney's fees only when the government's position was frivolous. Washington, 756 F.3d at 961. The Supreme Court has interpreted "substantially justified" to mean "'justified in substance or in the main'–that is, justified to a degree that could satisfy a reasonable person" rather than "'justified to a high degree.'" Pierce v. Underwood, 487 U.S. 552, 565 (1988). In other words, to be "substantially justified" the government's position must have a "reasonable basis both in law and fact." Id.

The Government has the burden to establish substantial justification. Stokes v. Bowen, 811 F.2d 814, 816 (3d Cir. 1987); Washington, 756 F.2d at 961. To meet its burden, the government must establish:

> (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounds; and (3) a reasonable connection between the facts alleged and the legal theory advanced.

Washington, 756 F.2d at 961. Agency action that is found to be "unsupported by substantial evidence is virtually certain not to have been substantially justified under the [Social Security] Act." Stokes, 811 F.2d at 816.

In the present case, the Third Circuit found that the Administrative Law Judge (the"ALJ") erred by ignoring instructions set out in McCrea v. Commissioner, 370 F.3d 357 (3d Cir. 2004), and incorrectly weighing medical evidence adduced by

Magwood against consultive evidence of a psychiatrist and psychologist at step two of the sequential analysis for determining social security disability benefits under 20 C.F.R. § 404.1520.  See Magwood v. Commissioner, No. 07-3787, slip op. at 3 (E.D. Pa. Sept. 9, 2008).  The Court found that Third Circuit precedent requires that the determination of whether an applicant meets her burden at step two should focus on the evidence put forth by the applicant.  Id. at 2-3.  The Court concluded that the ALJ's determination that Magwood did not have a severe impairment at step two was thus not supported by substantial evidence and remanded the case for further proceedings consistent with its opinion.  Id. at 3.

The government argues that it was nonetheless justified in its position, and thus Magwood is not entitled to an award of attorney's fees, because both Magistrate Judge Perkin and this Court affirmed the ALJ's decision.  The government also argues that the Agency's defense of the ALJ's decision was reasonable because evidence existed to support the ALJ's finding that the Plaintiff's mental impairment was not severe and cites several facts from the record in support of its assertion.

Magwood, on the other hand, argues that the government's position was not substantially justified because the Third Circuit found that the ALJ erred as a matter law by ignoring instructions set forth in McCrea and as a matter of fact when

evaluating step two of the sequential analysis.  Magwood asserts that the government's position thus cannot be "solid and well founded," which she contends is required by Taylor v. Heckler, 835 F.2d 1037 (3d Cir. 1987).

There is no *per se* rule that a government's position is not substantially justified merely because it failed to pass review under a substantial evidence standard.  See id. at 1044 (declining to adopt a *per se* rule).  However, this Court finds that under the present circumstances, the government has failed to meet its burden because it has not established the requirements in the three pronged test set forth by Third Circuit precedent.  See Washington, 756 F.2d at 961.  Where a case "turns on an unsettled or 'close question of law,' the government usually will be able to establish that its legal theory was 'reasonable,' even if it was not ultimately accepted as a legal rule by the courts."  Id. at 961-62.  However, "[w]hen the government's legal position clearly offends established precedent, . . . its position cannot be said to be 'substantially justified.'"  Id. at 962; see also Hanover Potato Products, Inc. v. Shalala, 989 F.2d 123, 130-31 (3d Cir. 1993)(stating that a legal position is not substantially justified if it offends settled law).

Here, the Third Circuit found that the ALJ ignored prior instructions set forth in McCrea when it determined step two of

6

the sequential evaluation.  The ALJ did not focus on evidence presented by the Plaintiff but rather weighed that evidence against the consultative examination and review, which contradicted precedent established in Newell v. Commissioner, 347 F.3d 541, 546 (3d Cir. 2003), and McCrea.  See Magwood, No. 07-3787, slip op. at 3.  The ALJ's determination that Magwood did not have a severe impairment was thus not substantially justified because there was no unsettled or close question of law at issue. It is also clearly established that to survive step two, an applicant only needs to demonstrate "something beyond 'a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work.'" McCrea, 370 F.3d at 360 (quoting Social Security Ruling 85-28, 1985 WL 56856, at *3).  Applying the correct standard, the Third Circuit found that Magwood provided more than enough evidence to establish that she satisfied step two's *de minimis* threshold.  The government has, therefore, failed to establish that the ALJ's error at step two and its defense thereof was substantially justified and thus Magwood is entitled to an award of attorney's fees and expenses.[5]

---

[5] Although not relevant in light of our finding under Pierce and Washington that the government's position was not substantially justified, the Court notes that the Supreme Court's reasonable basis standard pronounced in Pierce is the required showing for substantial justification, and not the "solid and well founded," standard as previously set forth in Taylor v. Heckler, 835 F.2d 1037 (3d Cir. 1987), and as propounded by Magwood in the present case.

Although Magistrate Judge Perkins affirmed the ALJ's decision and this District Court adopted Magistrate Perkins report, we find that this also is not enough to meet the government's burden.  A string of success can be indicative of substantial justification, however, we cannot say that this Court's adoption of the Magistrate Judge's report alone is enough to support the government's burden in the present case.  Compare Pierce, 487 F.2d at 569 (finding that nine District Courts and two Courts of Appeals rejecting the government's position supported the finding that the government's position was not substantially justified).  We, therefore, grant Magwood's request for attorney's fees and expenses pursuant to the EAJA.

**II. Reasonableness of Plaintiff's Attorney's Fees**

The party seeking attorney's fees has the burden to prove that its request is reasonable.  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990); Walton v. Massanari,177 F. Supp. 2d 359, 361 (E.D. Pa. 2001).  "To meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" Rode, 892 F.2d at 1183 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  In statutory fee cases, the party opposing the fee award may challenge the reasonableness of the requested fee by affidavit or brief with sufficient specificity to provide notice to the fee applicant of which portion of the fees he or she must defend.  Id. (citing Bell v.

United Princeton Properties, Inc., 884 F.2d 713 (3d Cir. 1989). Once the adverse party objects to the fee request, the Court has a great deal of discretion to adjust the requested fees in light of the objections raised. Id. The Court cannot, however, decrease a fee based on factors the adverse party did not raise. Id.

When evaluating a request for fees, the Court should exclude hours that were not reasonably expended. Rode, 892 F.2d at 1183 (citing Hensley, 461 U.S. at 433). Hours that are excessive, redundant, or otherwise unnecessary are not reasonably expended and should not be included in the fee award. Id.

**A. Objections to Fee Entries Related to Complaint and Summons**

Plaintiff's counsel billed 75 minutes (1.25 hours) for preparing and reviewing an *in forma pauperis* petition and order, a complaint, and a summons, as well as an additional 10 minutes (.1 hours) for three letters to the Attorney General and Social Security Administrative Counsel serving the complaint. The Commissioner contends that the complaint was a form complaint that included boilerplate language. The Commissioner further contends that adding boilerplate language to a complaint and preparation of the summons, cover letters, affidavits of service and filing are clerical tasks for which Plaintiff's counsel is not entitled to compensation. The Commissioner requests a reduction from 85 to 20 minutes as a reasonable amount of time

9

for counsel to have reviewed what should have been clerically-prepared documents. After reviewing the documents, the Court agrees that several of the tasks were clerical in nature or involved minor alterations to form documents. The Court finds that less than half of the time billed is reasonable and therefore reduces 85 minutes to 30 minutes.

**B.  Objections to Fee Entries Related to Opening Brief**

Plaintiff's counsel billed 120 minutes (2 hours) for research and 30 minutes (.5 hours) for reading new case law. Plaintiff's counsel also billed 395 minutes (6.58 hours) for analyzing the ALJ decision, indexing the transcript and outlining arguments. Plaintiff's counsel then billed an additional 985 minutes (16.42 hours) drafting and finishing the brief, for a total of 25.5 hours for indexing, researching, and drafting the district court brief.

The Commissioner objects to the time spent indexing because the Agency prepared the transcript and thus there was nothing to index. The Commissioner also objects that the time spent researching and drafting the arguments is unreasonable because they reflect little or no evidence of novel research and Plaintiff's counsel is an experienced social security disability law attorney representing a routine case. The Commissioner thus requests a reduction from 25.5 to 18 hours as reasonable. The Court agrees with the Commissioner and thus we reduce the hours

10

from 25.5 to 18.

**C.   Objections to Entries Related to Objection in District Court**

Plaintiff's counsel billed 1455 minutes (24.25 hours) preparing and drafting objections to the Magistrate Judge's Report and Recommendation ("R&R").  The Commissioner contends that the objections made were merely the same arguments made in the initial district court brief and the reply brief and thus it is unreasonable to bill almost the same amount of time for the objections as was billed for the initial brief.  The Commissioner requests a reduction from 24.25 hours to 8 hours.

Upon review of the initial brief, the reply brief, and the objections, the Court agrees with the Commissioner that 24.25 hours is excessive.  The Court thus grants the Commissioner's request and reduces the amount of hours to 8.

**D.   Objections to Entries Related to Third Circuit Brief**

Plaintiff's counsel billed a total of 4860 minutes (81 hours) for work on the brief submitted to the Third Circuit, including an additional 9.5 hours for legal research and about 59 hours for preparing and drafting the brief.  The Commissioner objects that many of the tasks are clerical, for example writing letters and preparing the table of contents, appendix, electronic filings and cover letters.  The Commissioner also objects that the amount of time spent for legal research was excessive in light of the amount of time already spent researching at the

11

district court level.  Additionally, the Commissioner objects that the time spent drafting the brief was excessive because Plaintiff's counsel was intimately familiar with the facts and the issues of the case, as he represented Magwood at both the administrative and district court level, and because he was contrained to essentially the same arguments made to the district court because of the appellate rules of waiver.

The Court agrees that many of the tasks included in Plaintiff's counsel's fee request are clerical in nature and thus we will exclude those from the total award.  The Court also agrees with the Commissioner that spending almost three times the amount of time researching and writing the appellate brief as was spent on the district court brief is extremely excessive, particularly on a routine social security appeal when the attorney, a self-acknowledged specialist in his field, represented the claimant at all levels and made predominately the same arguments on appeal as were made to the district court.  The Court, therefore, reduces the total hours to 26.73, representing one third of the hours billed.

**E.  Objections to Entries Related to Third Circuit Reply Brief**

Plaintiff's counsel billed 1095 minutes drafting the Third Circuit reply brief as well as 80 minutes for additional research and 10 minutes for drafting letters, totaling 1185 minutes (19.75 hours).  The Commissioner objects for the same reasons put forth

in his objections to the Objections to the R&R.  Specifically, the additional research was excessive and the arguments advanced in the brief were substantially the same as those put forth in the prior briefs.  The Court agrees with the Commissioner's objections and finds that one third of the time requested is reasonable.  The Court therefore reduces the 19.75 hours to 6.58 hours.

**F.   Objections to Entries Related to Other Third Circuit Time**

Plaintiff's counsel billed an additional 270 minutes (4.5 hours) for Other Third Circuit time, which includes time for reviewing letters from the Court, writing letters, reviewing the Third Circuit decision and preparing the EAJA Motion and Memorandum.  The Commissioner objects that only 5 minutes should be spent on each letter to and from the court regarding the oral argument.  The Commissioner also objects that reviewing the third Circuit decision should have taken no more than 10 minutes and that the EAJA petition should have taken no more than 1 hour in light of its containing substantial boilerplate language with minimal case specific details.

Upon review of the EAJA petition submitted in this case, as well as the EAJA petition submitted in Plaintiff's counsel's prior case – <u>Bauer-Cromartie v. Astrue</u> (E.D. Pa. 07-1392)– to which he cited in his Reply to the current motion, the Court agrees with the Commissioner that a significant portion of the

13

language in the EAJA petition at issue is substantially the same as counsel's past EAJA petition. The Court finds that 4 hours to prepare this document was excessive and that 2 is reasonable. The Court therefore reduces the total amount of hours for Other Third Circuit Time to 2.5 hours.

## CONCLUSION

In sum, the Court finds that the government's position was not substantially justified and thus Magwood is entitled to an award of reasonable attorney's fees and expenses pursuant to the EAJA. The Court further finds that the amount of the award requested by Magwood is unreasonable and therefore grants the Commissioner's request to reduce the amount of hours requested.[6] The Court, therefore, awards Plaintiff's counsel a total of $12,275.21 for reasonable fees and expenses. This represents 68.30 hours at a rate of $176.23, plus $238.70 for expenses.[7]

---

[6] As a final note, Plaintiff's attorney asserted that placing time constraints on legal advocacy by limiting the maximum hours an attorney can spend on a brief would undermine a claimant's right to due process of law. Clearly there can be no bright line rule regarding how much time is appropriate to spend per brief or per case. However, it is also clear that at some point the amount of time spent on a case will become excessive and unreasonable. Simply because an attorney spends over eighty hours on one brief does not always mean that it was reasonable to do so, even where the attorney was ultimately successful. The possibility of being awarded attorney's fees under the EAJA does not turn a case into a billing free-for-all where an attorney may bill to his or her heart's content under the assumption that the government, rather than the client, will ultimately foot the bill.

[7] The Commissioner does not contest the hourly rate or the expenses. The Commissioner also does not contest the hours requested for the Reply Brief in the district court (5.33 hours) or the miscellaneous district court time (40 minutes).

```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MARY J. MAGWOOD,                :  CIVIL ACTION
                                :
     vs.                        :
                                :  NO. 06-CV-1184
MICHAEL J. ASTRUE,              :
Commissioner of Social          :
Security,                       :
                                :
```

**ORDER**

AND NOW, this    21st    day of January, 2009, upon consideration of Plaintiff's Application for Award of Attorney's Fees Pursuant to 28 U.S.C. §2412, Defendant's opposition thereto, and Plaintiff's reply, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the Motion is GRANTED and Plaintiff is awarded $12,275.21 in attorney's fees and expenses.

```
                                   BY THE COURT:



                                   s/J. Curtis Joyner
                                   J. CURTIS JOYNER, J.
```